## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER HOLLOWAY,**

      **Petitioner,**

**-vs-**                                 **Case No.  8:04-CV-1309-T-27TBM**

**JAMES R. MCDONOUGH[1], et al,**

      **Respondents.**

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging his 2000 alcohol-related convictions entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 6), and despite having been afforded two opportunities to do so, Petitioner has failed to file a reply thereto (*See* Dkts. 5 and 7).  This matter is now before the Court for a decision on the merits of the petition.

### Evidentiary Hearing

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "alleges facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted).  For reasons discussed below, an evidentiary hearing is not required for the disposition of this matter.  Rules Governing Section 2254 Cases 8(a). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his

---

[1]James R. McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner

## Discussion

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), generally have one year to file a federal petition from the date on which the conviction became final on direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1). Calculating the timeliness of the federal petition requires more, however, than simply looking at the date of the final state court judgment and the date the federal petition was filed because the proper filing of an application for state post-conviction or other collateral review concerning the pertinent conviction tolls the one-year limitations period. 28 U.S.C. §2244(d)(2). The limitation provision is applicable in this case because the petition was filed after the AEDPA's enactment date.

Represented by retained counsel, Petitioner entered a negotiated plea of *nolo contendere* on July 19, 2000 to charges of DUI manslaughter and leaving the scene of an accident involving death[2]

---

[2] In *Lawrence v. State*, 801 So. 2d 293, (Fla. 2d DCA 2001), the appellate court, sitting *en banc*, addressed a claim of double jeopardy arising from convictions of DUI manslaughter and leaving the scene of an accident involving death. The appellate court first determined that the defendant's convictions did not violate the constitutional prohibition on double jeopardy. *Id.* at 294 (citing *Blockburger v. United States,* 284 U.S. 299 (1932)). The appellate court also disagreed with the defendant's argument that "the legislature did not intend that a single death could be used to 'enhance' two different crimes ," finding that "[e]ven though both offenses include death as an element, convictions for both of these offenses based upon one accident are not contrary to legislative intent and do not constitute double jeopardy." *Id.* The Court explained: "In this case, although the offense of leaving the scene of an accident involving death requires a showing that the defendant was involved in an accident resulting in death, *it does not require a showing that the defendant actually caused the death.* Ms. Lawrence was only charged with one offense that included an element of causation, the DUI manslaughter charge. Thus, Ms. Lawrence was appropriately punished once for having caused one death. . . . Here, Ms. Lawrence's offenses arose from two separate acts that occurred sequentially. She first operated her vehicle while intoxicated and caused a death. Thereafter, she left the scene of the accident when she knew or should have known of the death." *Id.* at 295 (emphasis added) (citation omitted). Petitioner, like Lawrence, committed two separate offenses.

(Dkt. 6, Ex. 1). Petitioner was sentenced in accordance with the State's sentencing recommendation on September 5, 2000, to serve a term of 11½ years on each charge, with the sentences to run concurrently. Petitioner did not file a direct appeal. *See* Fla R. App. P. 9.110(b). On October 13, 2000, Petitioner filed a petition for belated appeal asserting that he failed to perfect an appeal because trial counsel was allowed to withdraw after sentencing, and he had been unable to secure appointment of counsel (Dkt. 6, Ex. 4). The petition was denied on November 15, 2000, as "facially insufficient" (Dkt. 6, Ex. 5). Petitioner delayed filing a state application for post-conviction relief until November 7, 2001, when he filed a motion for relief under Fla. R. Crim. P. 3.850, 399 days after his conviction became final on October 5, 2000,[3] when the time for filing a notice of appeal expired.

Therefore, Petitioner's window for filing a petition for federal habeas relief commenced to run on October 6, 2000. Absent tolling, Petitioner had until Monday, October 8, 2001, to file a timely § 2254 petition. Respondent contends, therefore, that Petitioner's §2254 petition, filed on June 6, 2004, is barred under §2244(d). Once AEDPA's limitations period expires, it cannot be reinitiated. Since the limitations period expired on October 8, 2001, Petitioner's Rule 3.850 motion filed on November 7, 2001, had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Likewise, the Court finds that Petitioner's petition for a belated appeal, filed on October 13, 2000, had no tolling effect. Initially, a determination must be made whether Petitioner's petition for

---

[3]In Florida, a criminal defendant has 30 days from the date judgment is entered to file a notice of appeal. *See* Fla R. App. P. 9.110(b); *see also Bridges v. Johnson*, 284 F.3d 1201, 1202-03 (11th Cir. 2002)(holding that judgment and sentence become final on date time for seeking direct review in state court expires); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988).

belated appeal was part of the direct review process or a form of post-conviction or collateral review. In determining whether a particular state procedure constitutes part of the direct review process for purposes of §2244(d)(1)(A), the Court must defer to underlying state court characterization of the procedure. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002)(deferring to Georgia state court determination of whether particular filing was part of direct appeal process under Georgia law). According to Florida Rules of Appellate Procedure Rule 9.141(c)(1), petitions seeking a belated appeal are "treated as original proceedings under rule 9.100." Consequently, the Petitioner's petition for belated appeal was not part of the direct review process. Instead, it would appear that Petitioner's petition for belated appeal is more akin to a petition for extraordinary relief. *See* Fla. R. App. P. 9.100.

It is questionable whether Petitioner's petition for belated appeal qualifies as an application for State post-conviction or other collateral review under §2244(d)(2) as it simply requested an out-of-time appeal and did not challenge his final conviction. Regardless, even if it qualifies it had no tolling effect as it was not "properly filed." The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). The AEDPA does not define "properly filed." However, the Supreme Court has stated that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State procedural rules governing filings determine whether an application for state post-conviction relief is properly filed. *Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004). "The statutory tolling provision does not encompass a period of time in which a state prisoner does not

4

have a 'properly filed' post-conviction application actually pending in state court." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).

The appellate court dismissed Petitioner's petition for belated appeal as facially insufficient (Dkt. 6, Ex. 5). Florida Rules of Appellate Procedure Rule 9.141(c)(3) states in pertinent part that the petition seeking a belated appeal "shall recite in the statement of facts...(F) the specific acts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal." The defective petition for belated appeal did not set forth "whether the petitioner requested counsel to proceed with the appeal."[4] (Dkt. 6, Ex. 4 at 24-26). Because Petitioner's motion for belated appeal did not meet the State's pleading requirements, it was not "properly filed" and, consequently, did not toll the AEDPA limitations period. *See e.g.*, *Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000)(state postconviction motion which did not contain written oath required by state criminal procedural rule was not properly filed and could not toll one-year limitations period for federal habeas petitions).

Petitioner has not shown that a state created impediment prevented him from filing a petition or that he could not have discovered the factual predicate of his federal claims prior to June 6, 2004, when he filed the instant petition. He is not asserting a claim based on a constitutional right newly recognized by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Thus, the petition for federal habeas relief is time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period.

---

[4] The petition for belated appeal did state that "counsel did not appeal or attempt to withdraw the plea pursuant to defendant's desires" but did not set forth whether petitioner requested counsel to proceed with the appeal. (Dkt. 6, Ex. 4 at 25).

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).  Petitioner bears the  burden of showing that equitable tolling is warranted. *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Here, Petitioner makes no attempt to show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did.  The Court concludes, therefore, that Petitioner has failed to establish the existence of extraordinary circumstances that were both beyond his control and unavoidable even with diligence, which are essential elements for the imposition of equitable tolling.

To the extent Petitioner claims that he is actually innocent because there was evidence demonstrating that the victim and his passenger were intoxicated at the time the accident occurred, this argument is unavailing to Petitioner.  He contends that " evidence of photographs of the accident scene and medical examination records of alleged victims were mentioned as part of the State's evidence against the defendant . . . [and] will support defendant's statements that the Ellis/Holmes vehicle was swerving on the road, made an abrupt stop, was intoxicated, and caused the automobile accident."  (Dkt. 6, Ex. 6 at 9).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."

6

*Henderson*, 353 F.2d at 892.  A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added).  This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28).  In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup v. Delo*, 513 U.S. at 324.

The Court finds that Petitioner fails to state a colorable claim of actual innocence.   In his claim of ineffective assistance of counsel, Petitioner acknowledges that the blood test results were listed in the State's discovery and known to trial counsel before he advised Petitioner to enter a nolo contendere plea.  Moreover, according to Petitioner "[o]n August 7, 2003, the trial court told Petitioner it would only allow Petitioner to withdraw his plea and go to trial.  With no help from counsel, and no review of discovery evidence, and lose [sic] of Petitioner's double jeopardy issue, Petitioner told the trial court that he did not want to go to trial." (Dkt. 1 at 9-10).  This undermines any claim that he is entitled to be heard under the actual innocence exception as he has not demonstrated that new evidence of factual innocence exists that was not available at trial.  Finally, considering Petitioner's assertion that he has never had access to the information contained in the medical reports, the Court can only conclude that his contention that those reports would establish

7

that the victims were responsible for the accident is mere speculation.  If the reports reveal, as Petitioner asserts, that the victims were intoxicated, it does not establish that Petitioner was factually innocent.  Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of his claims.

Having reviewed the claims raised in  Petitioner § 2254 petition and considered Petitioner's actual innocence argument, the Court concludes that Petitioner does not present any "new reliable evidence" which exonerates him.  Without such a showing, Petitioner cannot show a colorable claim of actual innocence. *Schlup*, *supra*, at 327.

Even if the petition were not time-barred, a review of the record demonstrates that Petitioner's claims have no merit. Under 28 U.S.C. §2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court's review of the state court's factual findings must be highly deferential to the merits of the claims.  Such findings are presumed to be correct unless rebutted by clear and convincing evidence.  Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000).  Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id.; Breedlove*, 279 F.3d at 960-61.

Respondent's arguments and citations on the merits of the claims are persuasive, and the Court adopts and incorporates the arguments on each of the claims herein.

**Conclusion**

Reading Petitioner's petition in a liberal fashion, given this chronology of events, the Court concludes that his request for federal habeas relief is due to be denied because Petitioner failed to file his petition within the requisite one-year period of limitation. *See* 28 U.S.C. §2244(d). Because the petition is procedurally barred by AEDPA's one-year limitation period, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.     The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED.**

2.     The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 30th day of July, 2007.


/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:sfc
Copies to: Petitioner *pro se*/Counsel of Record

9